**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Mountain Valley Realty LLC,<br>Plaintiff,<br>v.<br>AKF Incorporated,<br>Defendant. | No. CV-26-08117-PCT-DWL<br>**ORDER** |

The background details of this case are set out in the July 7, 2026 order. (Doc. 39.) In a nutshell, in March 2026, AKF Incorporated ("AKF") obtained a $193,218.69 judgment against Mountain Valley Realty LLC ("Plaintiff") in New York state court. (*Id.* at 2.) AKF then mailed a "restraining notice"—a unique tool available under New York law—to Wells Fargo Bank, N.A. ("Wells Fargo") in an effort to freeze Plaintiff's bank accounts in anticipation of collection efforts. (*Id.*) Wells Fargo, in turn, "froze a total of $386,582.38 that was being held in several of Plaintiff's Wells Fargo accounts located in Mohave County, Arizona." (*Id.* at 2-3.) Plaintiff objected on various grounds, including that the restrained funds are trust funds being held for the benefit of third parties, and initially threatened to seek relief in New York state court. (*Id.* at 3-4.) However, Plaintiff then, without warning to AKF or Wells Fargo, filed a lawsuit in Arizona state court and sought injunctive relief. (*Id.*) The state court issued a no-notice TRO directing Wells Fargo to unfreeze half of the frozen funds. (*Id.* at 5.) AKF then removed the action to federal court just before the state-court preliminary injunction hearing was scheduled to begin. (*Id.*)

Post-removal, Wells Fargo filed an answer (Doc. 16), AKF filed a motion to dismiss (Doc. 20), and the motion for preliminary injunction that Plaintiff filed in state court (Doc. 1-8) became fully briefed (Docs. 17, 19, 29, 34).

On July 7, 2026, following a preliminary injunction hearing that included the presentation of witness testimony, the Court denied Plaintiff's motion for a preliminary injunction. (Doc. 39.) The upshot of the Court's ruling was that Plaintiff had filed suit in the wrong court and that the proper mechanism for challenging AKF's issuance of the restraining notice was to seek relief in New York state court. (*Id.*) Based on that determination, the Court ordered the parties to meet and confer about how to resolve AKF's pending (and still not yet fully briefed) motion to dismiss. (*Id.* at 18.)

On July 14, 2026, the parties filed a joint statement explaining that they could not reach a consensus on how to proceed and requested a status conference. (Doc. 40.)

On July 23, 2026, the Court held a status conference. (Doc. 45.) "The parties [were] instructed to meet and confer and within one week file either a notice of voluntary dismissal, or in the alternative, a joint notice setting forth the positions of each party as to how to address (a) the pending motion to dismiss; and (b) AKF's asserted intention to pursue counterclaims." (*Id.*, citations omitted.)

On July 27, 2026, the remaining parties (i.e., Plaintiff, AKF, and Wells Fargo) filed a stipulation that Plaintiff's claims against Wells Fargo could be dismissed without prejudice. (Doc. 46.) That stipulation was self-executing under Rule 41(a)(1)(A)(ii).

On July 29, 2026, Plaintiff filed a motion under Rule 41(a)(2) to dismiss its claims against AKF without prejudice. (Doc. 47.)[1] Plaintiff argues that because the July 7, 2026

---

[1] The Court notes that Plaintiff could have, as of July 29, 2026, filed a self-executing notice of dismissal as to its claims against AKF under Rule 41(a)(1)(A)(i) because AKF—the only remaining Defendant by that point—had not yet filed an answer or a motion for summary judgment. 1 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, § 41.10 (June 2026 update) ("If one defendant has answered or moved for summary judgment but another defendant has not, can the plaintiff still dismiss by notice with respect to the defendant that has not answered or moved for summary judgment? The prevailing answer is yes."). But Plaintiff chose not to invoke Rule 41(a)(1)(A)(i) and the weight of authority suggests the Court must honor Plaintiff's choice to instead invoke Rule 41(a)(2). *See, e.g.*, Gensler, *supra*, § 41.22 ("A plaintiff who is eligible to dismiss by notice may opt to instead seek a court order of dismissal. Plaintiffs will rarely pursue this option because it empowers the court to deny the request or impose conditions. But if the plaintiff

order indicated "that the claims that are the subject of this lawsuit should be determined in the underlying action pending in New York state court," "[i]n accordance with the Court's Order, [Plaintiff] is [now] pursuing its claims in the New York state Court. As the issues and claims that were pending in this case are now before and will be determined in a New York state court, there is nothing left to be decided by this Court and this action should be dismissed without prejudice." (*Id.* at 1.)

The following day, on July 30, 2026, AKF filed an answer[2] and counterclaims (Doc. 48) as well as a response in opposition to Plaintiff's motion to dismiss (Doc. 49). In the latter filing, AKF argues that Plaintiff should only be allowed to dismiss Plaintiff's claims if (1) the dismissal is with prejudice and (2) the Court awards AKF its attorneys' fees. (Doc. 49.)

On August 4, 2026, Plaintiff filed a reply in support of its motion to dismiss. (Doc. 50.) Plaintiff argues it should be allowed to dismiss its claims without prejudice and without paying AKF's fees. (*Id.*) Plaintiff also argues that AKF's counterclaims should

---

concludes it is the better path under the circumstances, the plaintiff is free to take it."); *Lake at Las Vegas Invs. Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 727 (9th Cir. 1991) ("[T]here were alternatives to filing for voluntary dismissal [under Rule 41(a)(1)]. . . . [The plaintiff] could have . . . filed a motion with the court to have its case voluntarily dismissed pursuant to Rule 41(a)(2)."); *Wellfount, Corp. v. Hennis Care Centre of Bolivar, Inc.*, 951 F.3d 769, 773 (6th Cir. 2020) ("We agree with our sister circuits that a plaintiff may seek a court-ordered dismissal at any point after filing its complaint. Both the text and purpose of Rule 41(a) support this view. With respect to the text of Rule 41, no provision mandates that a plaintiff forgo the use of Rule 41(a)(2) if she is eligible to file a notice of dismissal under Rule 41(a)(1). To the contrary, Rule 41(a)(1) states that, if she is otherwise eligible, a plaintiff '*may* dismiss an action without a court order.' It does not *require* as much."); *Parker v. Freightliner Corp.*, 940 F.2d 1019, 1023 (7th Cir. 1991) ("Because the parties do not dispute that Parker filed his motion to dismiss before Freightliner served him with an answer or motion for summary judgment, Parker claims that he was entitled to Rule 41(a)(1)(i) treatment as a matter of law. We disagree for neither Parker's course of conduct nor the district court's treatment of his motion support his contention that he sought a Rule 41(a)(1)(i) dismissal in 1986. At no time did Parker specify that he was pursuing a Rule 41(a)(1)(i) dismissal; instead, the record indicates only that he made a Rule 41 motion for voluntary dismissal. In addition, rather than simply filing his dismissal with the clerk of the court, he filed his motion with the court for its consideration—an unnecessary action if he intended to voluntarily dismiss his action pursuant to Rule 41(a)(1)(i). Moreover, the district court treated Parker's motion as a Rule 41(a)(2) voluntary dismissal requiring the approval of the court. . . . Parker's failure to attempt to correct the district court's treatment of his motion then precludes him from maintaining a different position now.").

[2] Upon AKF's filing of an answer, Plaintiff no longer had the option of filing a Rule 41(a)(1)(A)(i) notice of dismissal.

be dismissed once Plaintiff's claims are dismissed. (*Id.* at 5 n.1.)

## DISCUSSION

### I. Dismissal With Or Without Prejudice

#### A. **Legal Standard**

Rule 41(a)(2) allows a plaintiff to request dismissal "by court order, on terms that the court considers proper," and specifies that "[u]nless the order states otherwise," the dismissal "is without prejudice." *Id.* Motions for voluntary dismissal under Rule 41(a)(2) are "addressed to the district court's sound discretion." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).

"When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Id.* "'Legal prejudice' is a term of art: it means prejudice to some legal interest, some legal claim, some legal argument." *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1280 (9th Cir. 2023) (cleaned up). "[T]he threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice." *Westlands*, 100 F.3d at 96. "[T]he expense incurred in defending against a lawsuit does not amount to legal prejudice." *Id.* at 97. "[T]he mere inconvenience of defending another lawsuit does not constitute plain legal prejudice, and plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Kamal*, 88 F.4th at 1280 (cleaned up). "[L]os[ing] a res judicata defense . . . does not amount to legal prejudice." *Id.* at 1285. "Legal prejudice requires something more," such as "the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense." *Id.* at 1282-83. "Although case law does not articulate a precise definition of 'legal prejudice,' the cases focus on the rights and defenses available to a defendant in future litigation." *Westlands*, 100 F.3d at 97. "[T]he district court must determine whether granting a motion for dismissal without prejudice would result in legal prejudice to the defendant and, if not, the motion should be granted." *Kamal*, 88 F.4th at 1282.

B. **Analysis**

Having reviewed the parties' motion papers, the Court concludes that Plaintiff should be allowed to dismiss its claims against AKF without prejudice. AKF will not suffer any plain legal prejudice as a result of the dismissal of Plaintiff's affirmative claims for relief—instead, the dismissal will simply allow the parties' dispute over the restraining notice to continue in New York state court, where it should have been pursued from the get-go. It is understandable why AKF may view this outcome as frustrating, as Plaintiff's initial decision to file suit in Arizona ended up wasting the parties' time (and running up the parties' legal bills), but the Ninth Circuit has made clear that neither "the threat of future litigation which causes uncertainty" nor "the expense incurred in defending against a lawsuit" qualifies as the sort of plain legal prejudice that is contemplated by Rule 41(a)(2). *Kamal*, 88 F.4th at 1280, 1286 (citations omitted). True, granting Plaintiff's dismissal-without-prejudice request may, in a way, enable Plaintiff to avoid a near-certain adverse ruling on AKF's motion to dismiss, but a with-prejudice dismissal condition is not automatically required under Rule 41(a)(2) whenever a plaintiff seeks to dismiss to avoid a near-certain adverse ruling—instead, it is necessary to examine the broader circumstances of the dismissal request. *See, e.g., Creative Labs, Inc. v. Orchid Tech.*, 1997 WL 588923, *2 (N.D. Cal. 1997) (acknowledging that "voluntary dismissal without prejudice may not be appropriate where the sole reason for plaintiff's request for dismissal is apprehension regarding a possible adverse ruling on a pending motion" but declining to apply this rule because "plaintiff has identified a substantial reason, apart from wanting to avoid a possible adverse ruling, for not proceeding with this case"). For the reasons stated above, the broader circumstances here—where Plaintiff is currently, albeit belatedly, engaged in litigation in New York state court in an effort to resolve the merits of the parties' dispute over the restraining notice—suggest it would be just and proper to allow Plaintiff to dismiss its claims in this action without prejudice. Those circumstances also distinguish this case from *Dew Wealth Mgmt. LLC v. Leftwich*, 2025 WL 2958636 (D. Ariz. 2025), on which AKF heavily relies.

II. AKF's Counterclaims

As noted, AKF asserted counterclaims against Plaintiff on July 30, 2026 (Doc. 48), one day after Plaintiff filed its motion to dismiss on July 29, 2026 (Doc. 47). Plaintiff argues that, in light of this sequence, AKF's counterclaims must be dismissed. (Doc. 50 at 5 n.1.) The Court respectfully disagrees. Although courts have ordered the dismissal of counterclaims asserted under analogous circumstances,[3] it is not apparent to the Court why AKF's counterclaims are necessarily subject to dismissal in light of the grant of Plaintiff's Rule 41(a)(2) motion.

Rule 41(a)(2) provides that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." But Rule 41(a)(2) does not say that a counterclaim filed after the service of a plaintiff's Rule 41(a)(2) motion to dismiss, but before the resolution of that motion, is somehow invalid or contingent on the resolution of the Rule 41(a)(2) motion.

If Plaintiff had filed a Rule 41(a)(1)(A)(i) notice of voluntary dismissal, it would have been "effective on filing," *Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1078 (9th Cir. 1999), but instead, Plaintiff filed a Rule 41(a)(2) motion for dismissal. That motion was not effective on filing, so Plaintiff's claims (and thus, this action) remained pending as the parties awaited the Court's resolution of the Rule 41(a)(2) motion. And before that occurred, AKF asserted its counterclaims and articulated an independent jurisdictional basis for them—AKF's pleading properly alleges the existence of diversity jurisdiction over the counterclaims. (Doc. 48 at 5 ¶¶ 1-5.) Given this sequence, the counterclaims may remain pending even now that Plaintiff's claims have been dismissed. *See, e.g., Nixon Const. Co. v. Frick Co.*, 45 F.R.D. 387, 389-90 (S.D.N.Y. 1968) ("[D]efendant's counterclaims satisfy both the diversity and jurisdictional amount requirements for federal jurisdiction. The counterclaims can, therefore, stand irrespective

---

[3] *See, e.g., Perkins v. Ally Fin. Inc.*, 2021 WL 9597916, *1 n.2 (D. Ariz. 2021); *Loud Records, LLC v. Sanchez*, 2008 WL 628913, *14 (D. Ariz. 2008),

of the jurisdictional grounds alleged in the complaint and there is no reason to deny plaintiffs' [Rule 41(a)(2)] motion merely because of the existence of the counterclaims. . . . As defendant's counterclaim will remain pending in this Court, defendant will not necessarily lose whatever it may have gained by defending this action to this point."); 9 Wright and Miller, *Federal Practice and Procedure: Civil*, § 2365 Voluntary Dismissal—Pendency of Counterclaims (Apr. 2026 update) ("Ordinarily, the defendant's counterclaim can stand on its own and a dismissal can be granted on the plaintiff's claims without affecting the counterclaim's adjudication.").

III. <u>Attorneys' Fees</u>

AKF requests that the Court order Plaintiff "to pay AKF's attorneys' fees and costs incurred to date based on the parties' contract and A.R.S. § 12-341.01." (Doc. 49 at 4.)

As for Arizona's fee-shifting statute, under § 12-341.01(A), "[i]n any contested action arising out of a contract, the court may award the successful party reasonable attorney fees." The statutory language is permissive, such that "there is no requirement that the trial court grant attorney's fees to the prevailing party in all contested contract actions." *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985). Putting aside that it is debatable (1) whether AKF is "the successful party" in this litigation, (2) whether this action seeking declaratory and injunctive relief regarding a restraining notice authorized by New York law is an action "arising out of contract," and (3) whether A.R.S. § 12-431.01 is applicable to an action arising out of a contract that specifies that it "shall be governed by or construed in accordance with the laws of the state of New York, without regard to any applicable principles of conflicts of law," as the contract here does (Doc. 48-1 § 4.7),[4] the Court would decline to exercise its discretion in favor of granting fees under § 12-341.01 at this juncture even if all of those questions were resolved in AKF's favor. Any award of fees would be premature in light of (1) the parallel litigation between the parties over the validity of the restraining notice in New York state court and (2) the

---

[4] *See, e.g.*, *Rindlisbacher v. Steinway & Sons Inc.*, 2021 WL 2434207, *4 (D. Ariz. 2021), *aff'd sub nom. Rindlisbacher v. Steinway, Inc.*, 2021 WL 6067258 (9th Cir. 2021).

Court's determination that AKF's counterclaims in this litigation remain pending.

As for the parties' contract, an indemnification clause provides as follows:

> ***[Plaintiff] indemnifies and hold harmless [AKF]***, Processor,[5] any and each of [Plaintiff's], and any Account Debtors, their officers, directors, attorneys, assigns, agents and shareholders ***against all loses [sic], damages, claims, liabilities and expenses (including reasonable attorney's fees) incurred, resulting from*** (a) all claims asserted by [AKF] and its agents for amounts owed to [AKF] from [Plaintiff] and (b) actions taken by Processor, [Plaintiff's] Banks and Account Debtors in reliance upon any information or instructions provided by [AKF] and (c) ***litigation with [Plaintiff] and Guarantor(s)***. [Plaintiff] agrees to indemnify and hold harmless [AKF,] its officers, directors, attorneys, assigns, agents and shareholders against all losses, damages, claims, liabilities, and expenses (including reasonable attorney's fees) that they may have of any kind ***arising out of or related to the Agreement and enforcement of [AKF's] remedies thereunder***.

(Doc. 48-1 § 1.7, emphases added)

AKF's request appears to be based on subpart (c) of this provision. (Doc. 49 at 4.) AKF argues that "[t]his clause does not require AKF to be a 'prevailing' or 'successful' party. Rather, the it [sic] simply requires [Plaintiff] to pay AKF's costs, expenses, and attorneys' fees for this action—period." (*Id.*)

This request, like AKF's request under § 12-341.01, is premature. Even assuming without deciding that § 1.7 must be interpreted in the manner that AKF contends it should be interpreted, the "litigation" between AKF and Plaintiff is not yet over—AKF is still pursuing counterclaims against Plaintiff in this action and the parties are separately engaged in litigation in New York state court over the restraining notice. Until all of that litigation is complete, it would be impossible to determine the reasonableness of any specific fee request. Additionally, depending on how AKF's counterclaims play out, Plaintiff may have its own claim for fees under § 12-341.01.

Furthermore, when the litigation concludes, any party seeking attorneys' fees must make that request in a standalone motion. Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); LRCiv 54.2. The parties are advised that successful fees motions typically include fully developed arguments. In contrast, and as noted above,

---

[5] "Processor" is not a defined term in the contract, but it most likely refers to "the credit/debit card processor used by [AKF] for conducting its business." (Doc. 48-1 § 1.4.)

AKF's current analysis pertaining to § 1.7 of the contract consists of only two sentences: "This clause does not require AKF to be a 'prevailing' or 'successful' party. It simply requires [Plaintiff] to pay AKF's costs, expenses, and attorneys' fees for this action—period." (Doc. 49 at 4.)[6] This analysis does not, for example, address whether the fees involved in litigating this action are losses "arising out of or related to the Agreement and enforcement of [AKF's] remedies thereunder." Nor does this analysis address whether New York law would support the enforcement of a contractual fee-shifting provision that requires fee-shifting even to an unsuccessful litigant.

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's motion to dismiss (Doc. 47) is **granted**. Plaintiff's claims against AKF (Doc. 1-5) are **dismissed without prejudice**.

2. AKF's motion to dismiss (Doc. 20) is **denied as moot**.

3. AKF's counterclaims (Doc. 48) **remain pending**.

Dated this 12th day of August, 2026.

Dominic W. Lanza
United States District Judge

---

[6] The Court notes that AKF's previous request for attorneys' fees did not mention § 1.7 of the contract—instead, AKF sought fees under A.R.S. § 12-341.01 and 28 U.S.C. § 1927. (Doc. 19 at 18-19.)